IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLLOWS BATTLE,

      Petitioner,

      v.                                CASE NO.  20-3050-JWL

DON HUDSON, Warden,
USP-Leavenworth,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was in federal custody at USP-Leavenworth ("USPL"). Petitioner challenges his disciplinary proceedings. Respondent has filed an Answer and Return (Doc. 5).  Petitioner has failed to file a Traverse and the deadline for filing one has passed.  The Court finds that this matter must be dismissed as moot.

## I.  Background

Petitioner alleges that the Federal Bureau of Prisons ("BOP") improperly imposed discipline on him.  The disciplinary charges arose at the Volunteers of America RRC ("VOARRC"), while Petitioner was on Home Confinement status. (Doc. 1, at 1.)  Petitioner alleges that on November 22, 2019, his designated Halfway House—VOARRC—ordered him to return to the VOARRC.  Upon his arrival, he was instructed to meet with the facility's Unit Manager, J. Cruz, who questioned Petitioner about his "lack of communication" with his assigned counselor.  During the conversation, Petitioner explained concerns regarding the damage done to his ankle monitor "on the very day in question"; the specifics of his new employer and position; the alleged lack of communication regarding his new employer; and his

whereabouts prior to the meeting. *Id*. Petitioner was issued three Incident Reports alleging escape from custody, and was told that the matter would be investigated further. *Id*.

Petitioner alleges he was denied due process during the disciplinary process because he was not informed of his procedural rights, he was not given the opportunity to call witnesses, he was not provided with a staff representative, he was not provided with a copy of the incident report, he was not given enough time to prepare his defense, he was not permitted to attend or waive his right to attend the disciplinary hearing, and he was not provided with a written copy of the decision in the hearing. *Id*. at 2–3. Petitioner seeks the return of all good conduct time lost as well as immediate release from prison or a return to the halfway house. *Id*. at 3.

Respondent filed an Answer and Return (Doc. 5), setting forth facts in support of his argument that Petitioner failed to exhaust his administrative remedies and received proper due process in his disciplinary proceedings. Petitioner failed to file a traverse.

## II. Discussion

Article III of the United States Constitution empowers federal courts to adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) ("Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases and controversies.") (citation omitted). When neither party has raised the issue, the Court has an obligation to conduct an independent review to "determine whether a case is moot before proceeding to the merits." *Id*. (citation omitted).

"To involve the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)

(citations omitted). "[I]t is not enough that a dispute was very much alive when suit was filed . . . [t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* at 477–78 (citations omitted); *see also Schell v. OXY USA, Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016) ("[e]ven where litigation poses a live controversy when filed, the doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'") (citation omitted). Where an event occurs while a matter is pending that makes it impossible for a court to grant any relief, the matter becomes moot. *Prier*, 456 F.3d at 1213 (citations omitted).

Petitioner's request for relief sought "reversal of the (120) negated days for either immediate release or a return to the halfway house of designation." (Doc. 1, at 3.) The Federal BOP website shows that Petitioner was released from custody on May 15, 2020.[1] Petitioner has failed to file a traverse in this case. Even if Petitioner could present an argument that he remains subject to supervised release, such an argument would not present a redressable injury sufficient to prevent mootness. In *Rhodes v. Judiscak*, the Tenth Circuit held that although the petitioner remained subject to a long term of supervised release, the Court could not issue a judgment on his § 2241 petition that would shorten his supervised release term. *Rhodes v. Judiscak*, 676 F.3d 931, 932 (10th Cir. 2012). The Tenth Circuit noted that petitioner's ability to obtain modification under the supervised release statute remained "wholly within the discretion of the sentencing court." *Id.* at 935. The Court found that it could no longer issue a judgment that has a "more-than-speculative chance" of affecting petitioner's rights, and affirmed the dismissal of

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited June 15, 2020).

the petition as moot.  *Id*.  This Court finds that the Petition in this case must be dismissed as moot.

 **IT IS THEREFORE ORDERED BY THE COURT** that the petition for writ of habeas corpus is **dismissed as moot**.

 **IT IS SO ORDERED**.

 **Dated June 15, 2020, in Kansas City, Kansas.**


     <u>S/ John W. Lungstrum</u>
     **JOHN W. LUNGSTRUM**
     **UNITED STATES DISTRICT JUDGE**